**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5260**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSE LUIS AGUILAR-RIVERA,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:03-cr-00004-RLV-CH-9)

Submitted:  July 23, 2010        Decided:  August 17, 2010

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Jose Luis Aguilar-Rivera pled guilty to conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Aguilar-Rivera to 127 months' imprisonment, a term within the advisory guidelines range. Aguilar-Rivera timely appealed.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether the district court erred by imposing a two-level firearm enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2008). Aguilar-Rivera filed a pro se supplemental brief challenging his guilty plea and asserting claims of ineffective assistance of appellate counsel.

Turning first to Aguilar-Rivera's pro se challenge to his guilty plea, he contends that his plea was not knowing and voluntary because he waived numerous rights without any concessions by the Government. Because he did not move in the district court to withdraw his guilty plea, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). An appropriately conducted Rule 11 proceeding creates "a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Our review of

2

the record convinces us that the district court substantially complied with the requirements of Rule 11 in accepting Aguilar-Rivera's guilty plea.  Moreover, contrary to his claim that he received no concessions for his plea, in exchange for the plea, the Government successfully moved for the dismissal of two other charges pending against Aguilar-Rivera.  Furthermore, the court granted him a three-level reduction in offense level for acceptance of responsibility.  We hold that Aguilar-Rivera's claim that his guilty plea was not knowing and voluntary is meritless.

Defense counsel questions the reasonableness of Aguilar-Rivera's sentence, specifically the two-level firearm enhancement under USSG § 2D1.1(b)(1), but ultimately concludes that the sentence is reasonable.  An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  Id.  First, the court must assess whether the district court properly calculated the guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence.");

*United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Engle*, 592 F.3d 495, 500 (4th Cir. 2010) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)), petition for cert. filed, 78 U.S.L.W. 3764 (U.S. 2010) (No. 09-1512). Even if the sentence is procedurally reasonable, the court must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

Under USSG § 2D1.1(b)(1), a district court must increase a defendant's offense level by two levels if the defendant possessed a firearm during a drug offense. USSG § 2D1.1(b)(1). The enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." *United States v. Manigan*, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted).

Whether the district court properly applied the enhancement under USSG § 2D1.1(b)(1) is reviewed for clear

4

error.  United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).  Under a clear error standard of review, this court will reverse only if "left with the definite and firm conviction that a mistake has been committed."  United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted).

Aguilar-Rivera contends that the district court improperly applied the enhancement because the only evidence supporting it was hearsay evidence from a single officer who recounted evidence and testimony from a co-conspirator's trial that Aguilar-Rivera shot and wounded two co-conspirators during the course of the conspiracy.  However, it is well-established that "there is no bar to the use of hearsay at sentencing . . . [and a] trial court may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain."  United States v. Alvarado Perez, ___ F.3d ___, ___ n.4, 2010 WL 2612677, at *12 n.4 (4th Cir. July 1, 2010) (internal quotation marks and citation omitted).  We have reviewed the record with these standards in mind and conclude that the district court did not clearly err by finding that a preponderance of the evidence supported the firearm enhancement under USSG § 2D1.1(b)(1).

The district court properly calculated Aguilar-Rivera's guidelines range in all other respects.  We note,

however, that the district court did not make an adequate individualized assessment as required by Carter, 564 F.3d at 330. The district court provided no explanation for the sentence imposed other than to state that it was imposing sentence "[p]ursuant to the Sentencing Reform Act of 1984" and United States v. Booker, 543 U.S. 220 (2005). Nonetheless, because the district court sentenced Aguilar-Rivera within the advisory guidelines range, this unpreserved error did not affect his substantial rights. See United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001) (stating that, in the sentencing context, an error affects substantial rights if the sentence imposed "was longer than that to which he would otherwise be subject"); see also Lynn, 592 F.3d at 580 (finding that defendant's substantial rights were not affected because he was sentenced at the low end of the applicable guidelines range and counsel did not argue for a sentence outside that range).

Having determined that there is no reversible procedural error, the court must also consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. Because Aguilar-Rivera's sentence is within the appropriate guidelines range, we presume on appeal that it is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). The presumption may be rebutted by a showing "that the sentence is unreasonable when

measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Aguilar-Rivera has not rebutted that presumption. Accordingly, we hold that the district court committed no significant procedural or substantive error in sentencing Aguilar-Rivera.

Finally, in his pro se supplemental brief, Aguilar-Rivera claims he received ineffective assistance of appellate counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. <u>See</u> <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring such claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, unless the record conclusively establishes ineffective assistance. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>King</u>, 119 F.3d at 295. Because the record does not conclusively show that Aguilar-Rivera's counsel was ineffective, we decline to consider Aguilar-Rivera's claims on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Aguilar-Rivera's conviction and sentence. Aguilar-Rivera's motion for an extension of time to file a second pro se supplemental brief is denied. This court requires that counsel inform Aguilar-Rivera, in writing, of the right to

petition the Supreme Court of the United States for further review. If Aguilar-Rivera requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Aguilar-Rivera. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>